# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ANTONIO MCCLAIN,  :

    Plaintiff,  :

vs.  :  CA 20-0600-MU

KILOLO KIJAKAZI,  :
Acting Commissioner of Social Security,
    :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Antonio McClain brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 19 & 20 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's brief, and the Commissioner's brief,[1] the Court

---

[1] The parties waived oral argument. (*See* Docs. 18 & 21).

concludes that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

## I. Procedural Background

Plaintiff filed an application for disability insurance benefits on April 25, 2019 and an application for supplemental security income on May 3, 2019, both applications alleging a disability onset date of January 17, 2019. (*See* Doc. 13, PageID. 277-86). McClain's claims were initially denied on July 15, 2019 (*id.,* PageID. 180-81 & 185-96) and, following Plaintiff's August 7, 2019 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 197-98 & 215-16), a hearing was conducted before an ALJ on April 24, 2020 (*id.,* PageID. 98-113). On May 8, 2020, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to social security benefits. (*Id.,* PageID. 78-91). More specifically, the ALJ determined at the fifth step of the five-step sequential evaluation process that McClain retained the residual functional capacity to perform light work, with identified postural and environmental limitations, and those light jobs identified by the vocational expert ("VE") during the administrative hearing (*see id.,* PageID. 31 & 36; *compare id. with* PageID. 106-09). On June 8, 2020, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council; the Appeals Council denied McClain's request for review on November 27, 2020 (*id.,* PageID. 64-66). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 19 & 20 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

Plaintiff alleges disability due to a fractured lower right extremity, peripheral neuropathy, obesity, anxiety, depression, and an intellectual disorder. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.    The claimant has the following severe impairments: right fractured lower extremity, peripheral neuropathy, obesity, anxiety, depression and intellectual disorder (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> . . .
>
> **5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and carry 10 pounds frequently and t[wenty] pounds occasionally; he can stand, walk and sit for six hours in a normal eight-hour workday; he can never climb ladders, ropes or scaffolds; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; he should avoid concentrated exposure to cold, heat, wetness, humidity, vibration, fumes, odors, dusts, gases and poor ventilation; he should avoid all exposure to hazards involving machinery and heights. The claimant can understand and remember simple instructions, but not detailed ones; he can carry out simple instructions and sustain attention to simple tasks for extended periods, but not detailed instructions; he would function best within his own work area station without close proximity to others; he could tolerate ordinary work pressures, but should avoid excessive workloads, quick decision making, rapid changes, and multiple demands; he would benefit from regular rest breaks, but would still be able to maintain an acceptably consistent work pace; he could adapt to occasional well explained changes; and he can set ordinary daily work goal[s], but may need assistance with complex goals and planning.**
>
> . . .

> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> . . .
>
> 7. The claimant was born on August 29, 1976 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> . . .
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 17, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Doc. 13, PageID. 81, 85, 89 & 91).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[3] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, McClain advances two reasons the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence): (1) in assessing his residual functional capacity ("RFC"), substantial evidence does not support the ALJ's evaluation of the medical opinions and prior administrative medical findings; and (2)  the ALJ erred in determining that he did not meet his burden of proving that his impairments meet Listing 12.05. Because the Court agrees with Plaintiff's first assignment of error, there is no need to address Plaintiff's second assignment of error. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985)

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").[5]

As indicated above, RFC comes into play at the at the fourth and fifth steps of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e) ("We use our residual functional capacity assessment at the fourth step of the sequential evaluation process to determine if you can do your past relevant work . . . and at the fifth step of the sequential evaluation process . . . to determine if you can adjust to other work . . . ."). In determining a claimant's RFC, which is "'that which an individual is still able to do despite the limitations caused by his or her impairments[,]'" the ALJ "considers all the evidence in the record[.]" *Washington v. Social Sec. Admin., Commissioner,* 503 Fed.Appx. 881, 882-83 (11th Cir. Jan. 15, 2013), quoting and citing *Phillips, supra,* 357 F.3d at 1238.[6] Moreover, at the fifth step of the sequential evaluation process, the Commissioner must establish that a significant number of jobs exist in the national economy that the claimant can perform given her RFC, age, education, and work experience. *See, e.g., Bellew v. Acting Commissioner of Social Sec.,* 605 Fed.Appx. 917, 930 (11th Cir. May 6, 2015) (citation omitted).

---

[5]  Of course, on remand, Plaintiff's counsel can certainly present his Step 3 concerns to the ALJ.

[6]  The responsibility for making the residual functional capacity determination at the fourth step of the sequential evaluation process rests with the ALJ, *see, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."), who must "'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case." *Phillips, supra,* 357 F.3d at 1238 (alteration in the original), quoting 20 C.F.R. § 404.1520(e).

As part of the process of determining a claimant's RFC, that is, "the most [she] can still do despite" the limitations caused by her impairments, 20 C.F.R. 404.1545(a)(1), an ALJ must take into consideration the medical opinions of treating, examining, and non-examining physicians and, indeed, this issue is often at the forefront in social security cases. *See Kahle v. Commissioner of Social Sec.,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In March of 2017, the Social Security Administration amended its regulations regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c & 416.920c. Under the new regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a) & 416.920c(a); *see also Lee v. Saul,* 2020 WL 5413773, *5 (M.D. Ala. Sept. 9, 2020) ("The revisions [to Social Security regulations regarding the evaluation of medical evidence] state that the Commissioner 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from . . . medical sources.' 20 C.F.R. § 404.1520c(a)."). The regulations go on to provide that when evaluating the persuasiveness of medical opinions, "[t]he most important factors to be considered are those of supportability and consistency[.]" *Id.* at *5; *see also Swingle v. Commissioner of the Social Sec. Admin.,* 2020 WL 6708023, *2 (M.D. Fla. Nov. 16, 2020) ("When evaluating the persuasiveness of medical opinions, the most important factors are supportability and consistency."). "Thus, the ALJ 'will explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions' in the

8

determination or decision but is not required to explain how he/she considered the rest of the factors listed in 20 C.F.R. § 404.1520c(c)." *Id.* (footnotes omitted).

The ALJ analyzed the opinion evidence of Plaintiff's treating physician, Dr. Perry Timberlake, and the prior administrative medical findings of non-examiner Dr. James P. Bailey in the following manner:

> The undersigned finds the state physical consultant opinion persuasive, as [it] noted the claimant could engage in less than light exertion work. This opinion is consistent with treatment notes that indicated that despite the claimant's continued obesity and ankle difficulties, he still generally had normal range of motion, normal strength, normal reflexes, no tenderness without palpitation and normal ambulation with a normal gait. The claimant was recently noted on crutches, but this was only days after his ankle surgery to remove an osteophyte with his orthopedist noting generally good use of his left extremity prior to that time, despite tenderness.
>
> . . .
>
> The undersigned finds the opinion of Perry Timberlake, MD, as unpersuasive as he concluded the claimant was limited to sitting two hours, standing and walking less than one hour a workday, with him limited to lifting five pounds and needing an assistive device, while him expected to more than three days a month with him also noting the claimant is totally disabled. However, his conclusions are generally unsupported by his own evaluations from this time noting and only using crutches recently after the claimant's fourth ankle surgery, but with no actual evidence he evaluated the claimant's ankle functionality beyond noting the claimant was ambulating normally, capable of occasional exercise and as having tenderness at times. This opinion is also inconsistent with other providers, who give more detailed evaluations that noted normal range of motion, normal strength, normal sensation, normal reflexes, normal alignment and normal ambulation. Just as significantly, more recent treatment notes indicated that[] the claimant had normal range of motion, normal strength, [no] deformity or instability, which is also inconsistent with Dr. Timberlake's findings.

(Doc. 13, PageID. 87 & 88) (internal citations omitted).

An ALJ is required to independently assess a claimant's RFC "based on ***all*** of the relevant medical and other evidence." *See, e.g.,* 20 C.F.R. § 404.1545(a)(3) (emphasis

9

supplied). The problem in this case is that the RFC assessment of the state-agency medical consultant, which the ALJ found persuasive (Doc. 13, PageID. 87) and which the ALJ's RFC assessment mirrors (*compare id.,* PageID. 85 (ALJ's RFC assessment)) *with id.,* PageID. 157-58 & 173-74 (state-agency consultant's RFC assessment)), does not provide substantial evidence on the record as a whole because the medical consultant's assessment was not based on the record as a whole. Instead, Dr. Bailey's assessment was based on the medical record as of June 7, 2019 (*see id.,* PageID. 175 (Dr. Bailey's signature)), when the evidence showed that the right ankle fracture apparently had healed (*see id.,* PageID. 175),[7] but does not consider all of the evidence of record in this case, specifically the evidence generated in the second half of 2019, reflecting McClain's continued and consistent complaints of right ankle pain and receipt of injections for that pain (*see id.,* PageID. 810, 818-21, 839-47 & 851-56), though March of 2020, when Plaintiff had to undergo yet another surgery on his right ankle for removal of what was initially thought to be a surgical foreign body (*see id.,* PageID. 857 (x-ray report on January 31, 202, reflected "a single screw in the distal fibula

---

[7] Dr. Bailey also appears to have based his RFC findings on a prior evaluation by a CE from 2018 (*see id.*) which is concerning since that prior CE nowhere appears in the administrative record filed in this Court (*see generally* Doc. 13). So, for aught it appears, the ALJ is relying on an RFC assessment that took into consideration evidence not actually in the record before this Court but did not consider other evidence in the record before this Court that was generated after the state-agency consultant's RFC assessment. Based upon these observations, it should come as no surprise that this Court declines to affirm the Commissioner's decision denying claimant benefits in this case.

presumably fixating an old oblique fracture))[8] but turned out to be an osteophyte[9] and a large granulomatous area, both of which were excised (*see id.,* PageID. 883). And all of this evidence that Dr. Bailey did not consider—the complaints of continued right ankle pain (and accompanying injections), the x-ray findings, and the ultimate surgery and associated findings—is certainly relevant to whether McClain can/coulfd perform the prolonged walking and standing required of a full range of light work. *Compare* 20 C.F.R. § 404.1567(b) *with* SSR 83-10.[10]

---

[8] This x-ray report also documented a "[s]mall osteochondral lesion in the superomedial talar dome which has an unstable appearance with a small osteochondral fragment having a slightly proud appearance of the oblique frontal image[]" and "[c]hanges of osteoarthrosis about the tibiotalar joint including subchondral sclerosis in the tibial plafond along with probable subchondral cystic changes and prominent anterior and posterior osteophytes noted on the lateral views along with posterior osteophyte about the posterior talar dome." (*Id.*).

[9] An osteophyte is a bone spur; it can cause pain, especially in those who are obese (as the additional weight further burdens one's joints). *See* https://www.healthline.com>bone-spurs-osteophytosis (last visited, August 25, 2021).

[10] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b). Social Security Ruling 83-10 provides, further, that "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.*

To the extent the ALJ specifically stakes the position that "claimant was limited to less than light exertion work," (Doc. 13, PageID. 88; *see also id.,* PageID. 87 (suggesting that the state-agency consultant's opinion(s) "noted the claimant could engage in less than light exertion work")), this is clearly an improper view of the record given that the ALJ's actual RFC findings in terms of the principle exertional requirements of light work (*see id.,* PageID. 85 (finding McClain can lift and carry ten pounds frequently and 20 pounds occasionally and that he can stand, walk and sit for 6 hours each in a normal 8-hour workday)) mirror those in the definition of light work contained in the regulations and accompanying rulings as just set forth above, *compare* 20 C.F.R. § 404.1567(b) *with* SSR 83-10. Moreover, if, as the ALJ seems to suggest, Plaintiff was limited to less than light exertion work, this Court would not know what to make of the ALJ's own RFC finding (*see* Doc. 13, PageID. 85 (specifically finding plaintiff had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except . . . .")); the state-agency (Continued)

11

Certainly, no expert apart from Dr. Timberlake, whose opinion the ALJ found unpersuasive (*see* Doc. 13, PageID. 88), expressed an opinion about what the post-June 2019 records meant for McClain's ability to work despite his impairments (*id.,* PageID. 965 (physical medical source statement completed on March 25, 2020); *see also id.*, PageID. 962 (in clinic notes from March 25, 2020, Dr. Timberlake observed that McClain had just had his 4th surgery on his right ankle to remove a bone that was sticking out)). And the fact that the ALJ's RFC assessment[11] in this case mirrors the one given in June of 2019 by Dr. Bailey before any of the just-cited evidence existed, makes it quite impossible for this Court to find that the ALJ properly took "into account and evaluate[d] the record as a whole." *McCruter v. Bowen,* 791 F.2d 1544, 1548 (11th Cir. 1986) (citations omitted); *see also Washington, supra,* 503 Fed.Appx. at 882-83 (in determining a claimant's RFC, the ALJ must "consider[] all of the evidence in the record[.]").[12]

---

consultant both making the finding (*see id.,* PageID. 158 ("RFC of light") and "signing off" on the finding—based on the seven strength factors pf the physical RFC (that is, lifting/carrying, standing, walking, sitting, pushing and pulling)—that Plaintiff can perform **light work** (*see id.,* PageID. 160-61 & 177-78); or the testimony of the vocational expert ("VE") in identifying light jobs existing in the national economy in response to the ALJ's hypothetical question (*see* Doc. 13, PageID. 106-09). So, on remand, if the ALJ continues to "hold" this position, she should explain exactly how her RFC assessment (and that of Dr. Bailey) equates to "less than light exertion work."

[11] Interestingly, the ALJ omits from her RFC assessment any mention of pushing and pulling (hand and foot controls) limitations even though pushing and pulling are two of the strength requirements of light work, as set forth above, and obviously relevant here given McClain's right ankle impairment. This glaring omission can likewise be remedied on remand.

[12] The ALJ's immediate sentence after finding Dr. Bailey's RFC assessment persuasive (*see* Doc. 13, PageID. 87 ("This opinion [of Dr. Bailey] is consistent with treatment notes that indicated that despite the claimant's continued obesity and ankle difficulties, he still generally had normal range of motion, normal strength, normal reflexes, no tenderness without palpitation and normal ambulation with a normal gait.")) does not assist this Court in finding that the ALJ took into account and evaluated the record as a whole because the ALJ did not (Continued)

12

The Court finds that the ALJ's evaluation of the medical opinions and prior administrative medical findings is not supported by substantial evidence and that substantial evidence, as well, does not support the ALJ's RFC assessment, which simply parroted the RFC findings of a state-agency consultant who did not have before him all the evidence of record for his consideration but did consider evidence (a previous state-agency consultant's RFC assessment) that is not in the record before this Court.[13]

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), see Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to

---

specifically cite to any evidence, so for all this Court knows she was referencing evidence that was before Dr. Bailey in June of 2019 as opposed to post-June 2019 evidence. Besides, this purported "analysis" wholly ignores the fact that McClain's continued pain and insistence that something remained wrong with his ankle (post-June 2019) was proven to be true in early 2020 (including x-ray evidence) and led to the surgery to remove a protruding bone spur and large granulomatous area. And as for the second sentence of the ALJ's purported "analysis" (see id. ("The claimant was recently noted on crutches, but this was only days after his ankle surgery to remove an osteophyte with his orthopedist noting generally good use of his left extremity prior to that time, despite tenderness (Exhibit 16F/4-5).")), it provides no assistance either since Plaintiff's pain complaints (which, again, were proven true) related to his right ankle, not his left extremity.

[13]    It is impossible for this Court to believe that Dr. Bailey would have "held" to his RFC opinion had he seen the evidence of record post-June 2019, particularly in light of his seeming lack of confidence in his conclusion on the date of his report. (See Doc. 13, PageID. 158 ("Above MDI's and objective MER **would appear** to support an RFC of light, which is reflected in the above limitations.")) (emphasis supplied).

13

sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 1st day of September, 2021.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**
